UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

J. L.V., ET AL.                                                                CIVIL ACTION

VERSUS

BRIAN ACUNA, ET AL.                                               NO. 25-00669-BAJ-RLB

### ORDER

Before the Court is **Plaintiffs' Motion To Lift Stay And Restore Case To The Court's Active Docket (Doc. 36, the "Motion")**, asking the Court to lift the stay on this case for the limited purpose of adjudicating Plaintiffs' forthcoming motion for a preliminary injunction. The Court recently stayed the case until Congress restores appropriations for the Department of Justice ("DOJ"). (Doc. 35). The Official Capacity Defendants oppose the Motion but have not yet filed a Response. (Doc. 36 at 1). Defendant Mellissa Harper has not yet stated a position on Plaintiffs' Motion.

Courts possess "wide discretion to control the course of litigation." *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). In deciding the status of a stay "[a] court should consider: (1) hardship and inequity on the moving party without a stay, (2) prejudice the non-moving party will suffer if a stay is granted, and (3) judicial economy." *See Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. CV 18 - 0997 - BAJ - EWD, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019).

Here, Plaintiffs ask to lift the stay solely to seek emergency relief. And the emergency is significant because Plaintiffs, if they do not prevail in their request for emergency relief, would otherwise be forced to litigate the case from Honduras. The Defendants would not suffer prejudice because the general prohibition on the United States from working during a lapse in appropriations does not apply to "emergencies involving the safety of human life or the protection of property." *See* 31 U.S.C. § 1342. Finally, the litigation of the preliminary injunction promotes judicial efficiency because it would resolve a key issue overshadowing the continuing litigation of this case.

Accordingly,

**IT IS ORDERED** that the **Motion (Doc. 36)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the stay of the above-captioned matter be and is hereby **LIFTED** for the sole purpose of adjudicating Plaintiffs' forthcoming motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their motion for a preliminary injunction on or before October 29, 2025, and Defendants shall respond in accordance with the requirements outlined in Local Rule 7(f).

**IT IS FURTHER ORDERED** that Defendants shall immediately notify the Court upon a restoration of appropriations to the DOJ.

Baton Rouge, Louisiana, this 22nd day of October, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3