**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**J. L.V., ET AL.** **CIVIL ACTION**

**VERSUS**

**BRIAN ACUNA, ET AL.** **NO. 25-00669-BAJ-RLB**

**RULING AND ORDER**

Before the Court is Plaintiffs' **Motion for Preliminary Injunction (Doc. 38)**. Defendants oppose the Motion. (Doc. 47; Doc. 49). Plaintiffs filed a Reply Brief. (Doc. 56). The matter came before the Court for a hearing. (Doc. 57). Plaintiffs filed supplemental briefing. (Doc. 62). Plaintiffs then filed a Notice of Supplemental Authority and a Notice of Change in Material Facts. (Doc. 80; Doc. 90).

This case arises out of the removal of two families from the United States:

(1) "Julia's Family," consisting of Plaintiffs J.L.V. (Julia), V.M.L. (Janelle), and V. (Jade); and

(2) "Rosario's Family," consisting of R.M.V. (Rosario), A.A.Z.M. (Ruby), and O.Y.Z.M. (Romeo).

In the Motion, Plaintiffs ask the Court to "issue a preliminary injunction ordering Defendants to immediately facilitate the return of Plaintiffs to the United States at the [G]overnment's expense so they may be restored to the *status quo ante* during the course of the litigation." (Doc. 38 at 1).

Thereafter, Plaintiffs filed a Notice of Change of Material Facts (Doc. 90), informing the Court of a significant change in Julia's Family circumstances:

"In May 2026, Jacob was taken into ICE custody and removed to Honduras, where he has since been reunited with Julia, their two daughters (Janelle and Jade), and their newborn son." (*Id.* at 2). Accordingly, Plaintiffs contend that "[t]he harms caused by Defendants' unlawful detention and deportation of Julia, Janelle, and Jade endure, but the family is at present reunified." (*Id.*). Thus, Julia's Family withdraw their request for a Preliminary Injunction. (Doc. 90). For these reasons, the Court will **DENY** Plaintiffs' Motion for Preliminary Injunction (Doc. 38) with respect to Julia's Family without prejudice to Plaintiffs' right to re-urge the Motion.

Plaintiffs inform the Court that Rosario's Family, by contrast, is in urgent need of Court intervention, representing as follows:

> Romeo has no access in Honduras to the medical care he needs, and his doctors have advised that, were he to fall ill there, the consequences could be life-threatening. He therefore continues to need ongoing medical intervention by his specialized doctors in New Orleans, forcing him and his sister Ruby to travel intermittently to the United States without their mother. Rather than being at her son's side during his treatment, Rosario is left to learn of his medical updates only by phone.

(Doc. 90 at 2). Since the filing of the Motion, Plaintiffs have also filed an Amended Complaint. (Doc. 91).

As the Parties are aware, this area of the law has been rapidly developing. Accordingly, to assist the Court in resolving the remaining issues pending in Plaintiffs' Motion, the Court will order supplemental briefing regarding the following issues:

(1) Whether Plaintiffs' Amended Complaint (Doc. 91) affects the relief requested in Plaintiffs' Motion for Preliminary Injunction (Doc. 38);

(2) The quality of care Romeo is able to receive in Honduras compared to the quality of care he is able to receive in the United States;

(3) Whether Romeo's quality of care would be affected by his mother being physically present with him in the United States during the course of his treatment;

(4) Whether Plaintiffs would have been entitled to any administrative relief but for their removal from the United States;

(5) Whether Plaintiffs' removal has affected their ability to communicate with Counsel in this case;

(6) Any judicial opinions addressing the return of removed non-citizens to the United States following removal;

(7) Any judicial opinions addressing the return of removed U.S. citizen children to the United States following removal;

(8) Any judicial opinions addressing the Court's jurisdiction to rule on constitutional claims arising in the deportation context, apart from this Court's Ruling in *Rodriguez Romero v. Ladwig*, No. CV 25-1106-JWD-EWD, 2026 WL 685131, at *2 (M.D. La. Mar. 10, 2026).

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Preliminary Injunction (Doc. 38)** is **DENIED IN PART** with respect to Julia's Family **WITHOUT PREJUDICE** to the right to re-urge the Motion.

**IT IS FURTHER ORDERED** that Plaintiffs shall provide the supplemental briefing described herein within 21 days of the issuance of this Ruling and Order.

**IT IS FURTHER ORDERED** that Defendants may file a response to Plaintiffs' supplemental briefing within 14 days of the filing of Plaintiffs' supplemental briefing.

**IT IS FURTHER ORDERED** that the remaining portion of Plaintiffs' **Motion for Preliminary Injunction (Doc. 38)** pending with respect to Rosario's Family shall be **STAYED** pending receipt of the supplemental briefing described herein.

**IT IS FURTHER ORDERED** that Plaintiffs' request for a telephone status conference (Doc. 90) is **DENIED WITHOUT PREJUDICE** to the right to re-urge the Motion if necessary.

Baton Rouge, Louisiana, this 21st day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**